1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

AMAZON.COM, INC., a Delaware
corporation; AMAZON.COM SERVICES LLC,
a Delaware limited liability company; and UL
LLC, a Delaware limited liability company,

                   Plaintiffs,

    v.

CAO PENG, an individual; SHENZHEN PENG
CHUANGXING TECHNOLOGY CO., LTD., a
Chinese corporation; SHENZHEN TONGXIN
TECHNOLOGY CO., LTD., a Chinese
corporation; SHENZHEN HAIYONGTAO
ELECTRONICS CO., LTD., a Chinese
corporation; SHENZHEN RICTRON DIGITAL
TECHNOLOGY CO., LTD., a Chinese
corporation; and DOES 1-10,

                   Defendants.

No.

**COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

## I.    INTRODUCTION

1.    This case involves Defendants' unlawful and expressly prohibited sale of smoke detectors bearing unauthorized UL LLC ("UL Solutions") certification marks. Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") and UL Solutions (together with Amazon, "Plaintiffs") jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and UL Solutions' customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

2.      Amazon owns and operates the Amazon.com store (the "Amazon Store") and equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2022 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from fraud and abuse. Amazon stopped over 800,000 suspected bad-actor selling accounts before they published a single listing for sale.

3.      Founded in 1894, the organization known today as UL Solutions is one of the oldest certification organizations in the United States. UL Solutions has tested, inspected, and certified products to regional, national, and international safety standards for over 120 years. UL Solutions engineers have contributed to the development of more than 1,000 "UL Standards for Safety," as well as international and regional standards, and sit on more than 1,300 standards panels and technical committees. UL Solutions is a worldwide leader in product testing and certification. UL Solutions' services include testing and certifying that representative samples of products satisfy applicable safety standards, including smoke detectors, authorizing use of the UL certification mark on such products, and providing follow-up testing and inspection services to confirm that manufacturers remain in compliance with applicable standards. Each year, UL Solutions evaluates tens of thousands of products and conducts hundreds of thousands of factory surveillance inspections. Approximately seventy-thousand factories produce UL-certified products, and as a result the UL certification mark appears on *billions* of products in the marketplace. As a result of UL Solutions' extensive use of the UL certification marks to promote its certification programs, the UL certification marks have attained national and global reputations for technical expertise and integrity and have become symbols of trust and objectivity, including for smoke detectors.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 2

4.     UL Solutions owns, manages, enforces, licenses, and maintains IP, including various certification marks. UL owns the following registered certification marks ("UL Certification Marks").

| Mark | Registration No. (International Classes) |
|---|---|
|  | 0,782,589 (IC A) |
|  | 2,391,140 (IC A) |

True and correct copies of the registration certificates for the UL Certification Marks are attached as **Exhibit A**.

5.     From July 2021 through January 2022, the Trafficker Defendants[1] advertised, marketed, offered, and sold counterfeit smoke detectors in the Amazon Store bearing the UL Certification Marks, without authorization, in order to deceive customers that the products were certified by UL Solutions. The Trafficker Defendants are the individuals or entities who operated, controlled, and/or were responsible for the selling accounts identified in this Complaint ("Selling Accounts"). On information and belief, from at least as early as July 2021 and continuing to the present, the Supplier Defendant[2] has manufactured, advertised, marketed, offered, and sold counterfeit products bearing the UL Certification Marks. On further information and belief, the Supplier Defendant supplied the counterfeit products to the Trafficker Defendants with knowledge and intent that the counterfeit products would be resold in the Amazon Store.

---

[1] The Trafficker Defendants are Cao Peng; Shenzhen Tongxin Technology Co., Ltd.; Shenzhen Haiyongtao Electronics Co., Ltd.; and Shenzhen Peng Chuangxing Technology Co. Ltd.

[2] The Supplier Defendant is Shenzhen Rictron Digital Technology Co., Ltd., a/k/a Shenzhen Ruichuang Digital Technology Co., Ltd.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 3

6.      As a result of their illegal actions, Defendants have infringed and misused UL Solutions' IP; willfully deceived and harmed Amazon, UL Solutions, their customers, and the public; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and UL Solutions. Defendants' illegal actions have caused Amazon and UL Solutions to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, UL Solutions, and their customers.

## II.     PARTIES

7.      Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington.

8.      UL LLC is a Delaware limited liability company with its principal place of business in Northbrook, Illinois.

9.      Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

10.     On information and belief, Defendant Cao Peng ("Defendant Peng")[3] is an individual who resides in China, and who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the selling accounts in the Amazon Store with the names "Elvicto" (the "Elvicto Selling Account"), and Vitowell (the "Vitowell Selling Account"), and derived a direct financial benefit from that wrongful conduct. On further information and belief, Defendant Peng personally participated in and/or had the right and ability to supervise, direct, and control the wrongful

---

[3] On information and belief, Defendant Cao Peng's name in Chinese characters is 曹鹏.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

conduct alleged in this Complaint related to the defendants Shenzhen Tongxin Technology Co., Ltd., Shenzhen Haiyongtao Electronics Co., Ltd., and Defendant Shenzhen Peng Chuangxing Technology Co. Ltd., and derived a direct financial benefit from that wrongful conduct.

11.     On information and belief, Defendant Shenzhen Peng Chuangxing Technology Co. Ltd. ("Defendant Peng Chuangxing")[4] is a Chinese corporation owned, operated, managed, and/or controlled by Defendant Peng. On further information and belief, Defendant Peng Chuangxing personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Vitowell and Elvicto Selling Accounts, and derived a direct financial benefit from that wrongful conduct.

12.     On information and belief, Defendant Shenzhen Tongxin Technology Co., Ltd. ("Defendant Tongxin")[5] is a Chinese corporation owned, operated, managed, and/or controlled by Defendant Peng and Defendant Peng Chuangxing. On further information and belief, Defendant Tongxin personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Elvicto Selling Account, and derived a direct financial benefit from that wrongful conduct.

13.     On information and belief, Defendant Shenzhen Haiyongtao Electronics Co., Ltd. ("Defendant Haiyongtao")[6] is a Chinese corporation owned, operated, managed, and/or controlled by Defendant Peng and Defendant Peng Chuangxing. On further information and belief, Defendant Haiyongtao personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Vitowell Selling Account, and derived a direct financial benefit from that wrongful conduct.

14.     On information and belief, the Supplier Defendant, Defendant Shenzhen Rictron Digital Technology Co., Ltd.,[7] is a Chinese corporation. On further information and belief,

[4] On information and belief, Defendant Peng Chuangxing's name in Chinese characters is 深圳市鹏创行科技有限公司.
[5] On information and belief, Defendant Tongxin's name in Chinese characters is 深圳童芯科技有限公司.
[6] On information and belief, Defendant Haiyongtao's name in Chinese characters is 深圳市海永涛电子有限公司.
[7] On information and belief, Defendant Shenzhen Rictron Digital Technology Co., Ltd.'s name in Chinese characters 深圳市瑞创数码科技有限公司.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Defendant Rictron personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

15.    On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, and sell counterfeit UL-certified products. The identities of the Doe Defendants are presently unknown to Plaintiffs.

### III.    JURISDICTION AND VENUE

16.    The Court has subject matter jurisdiction over UL Solutions' Lanham Act claim for trademark infringement, and Amazon's and UL Solutions' Lanham Act claims for false designation of origin and false advertising pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's and UL Solutions' claims for violation of the Washington Consumer Protection Act pursuant to 28 U.S.C. § § 1332 and 1367.

17.    The Court has personal jurisdiction over all Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and UL Solutions' claims arise from those activities. The Trafficker Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products bearing counterfeit versions of the UL Certification Marks and which otherwise infringed UL Solutions' IP and violated Amazon's policies. Additionally, the Trafficker Defendants shipped products bearing counterfeit versions of the UL Certification Marks to consumers in Washington.

18.    Further, the Trafficker Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 6

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

19.     The Supplier Defendant shipped smoke detectors bearing unauthorized and counterfeit versions of the UL Certification Marks to an address located in the state of Washington. In addition, in communications with Amazon's investigator, the Supplier Defendant stated that it had an exclusive distribution agreement with a bad actor operating an Amazon selling account to whom the Supplier Defendant granted the purported exclusive right to sell the counterfeit product in the Amazon Store. Based on this claimed distribution agreement and invoices provided to Amazon by the Trafficker Defendants naming the Supplier Defendant as the source of their smoke detectors, the Supplier Defendant supplied some, if not all, of the counterfeit smoke detectors bearing unauthorized depictions of the UL Certification Marks that were sold by the Trafficker Defendants to Amazon customers in Washington.

20.     The Supplier Defendant's online storefront on a third-party e-commerce website has listings for smoke detectors that directly target Amazon through the product names such as "Amazon hot sale 9V battery smoke alarm carbon monoxide detector bulk price smoke co combined detector" and "Amazon Standalone smoke & co alarm with Number Display Battery Powered carbon monoxide and smoke detector chamber combination." Moreover, the Supplier Defendant also operates a website at szrictron.com, where it advertises for sale smoke detectors that directly target Amazon through product names like "2021 Amazon professional fast response fire smoke alarm with battery operate plastic cover fire alarm smoke detector" and "Amazon Standalone smoke & co alarm with Number Display Battery Powered carbon monoxide and smoke detector chamber combination." The smoke detectors models that the Supplier Defendant advertises, offers for sale, and sells online that directly target Amazon include the specific model that Amazon's investigator purchased from the Supplier Defendant and that the Supplier Defendant shipped to Washington.

21.     Each of the Defendants committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and UL Solutions substantial injury in Washington.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

22.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because the Trafficker Defendants consented to it under the BSA.

23.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Counterfeit Goods

24.     Amazon works hard to build and protect the reputation of its stores as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

25.     A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

26.     Amazon continues to innovate to stay ahead of bad actors, and now requires live verification, connecting prospective selling partners with Amazon employees through video chats or in-person appointments to verify their identity and documentation. Amazon reviews the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a full legible copy of the document,

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. These measures have made it more difficult for bad actors to hide. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. The number of bad actor attempts to create new selling accounts decreased from 6 million attempts in 2020, to 2.5 million attempts in 2021, to 800,000 attempts in 2022.

27.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to detect and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls.

28.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and report potentially infringing products using state-of-the-art image search technology. In 2022, through continued improvements in Amazon's automated protections, brands found fewer infringing products in Amazon's stores, with the number of valid notices of infringement submitted by brands in Brand Registry decreasing by more than 35% from 2021.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

29.    In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. In 2022, over 33,000 brands were using Transparency, an increase of 40% from 2021, enabling the protection of more than 900 million product units across the supply chain.

30.    In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Amazon's Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. In 2022, there were more than 22,000 brands enrolled in Project Zero. For every listing removed by a brand, Amazon's automated protections removed more than 1,000 listings through scaled technology and machine learning, stopping those listings from appearing in Amazon's stores.

31.    Once a seller begins selling in Amazon's stores, Amazon continues to monitor the selling account's activities for risks. If Amazon identifies a bad actor, it closes that actor's selling account, withholds funds disbursement, and investigates whether other accounts are involved in unlawful activities.

32.    In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

**B.    UL Solutions and Its Anti-Counterfeiting Efforts**

33.    UL Solutions goes to great lengths to protect consumers from unauthorized use of the UL Certification Marks. UL Solutions publishes an online certification directory, Product iQ at <https://productiq.ulprospector.com/en>, which allows members of the general public to check

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

whether a product has been authorized to bear a UL Certification Mark. Further, UL Solutions routinely investigates complaints of misuse of the UL Certification Marks and works with stakeholders, including fire and building code officials as well as customs authorities and law enforcement organizations in the US and China, to help cease the sale of products bearing counterfeit UL Certification Marks.

34.    In addition to educating consumers, investigating instances of counterfeiting, and supporting government efforts to stop the sale of counterfeit goods, UL Solutions has pursued several trademark counterfeiting cases in the United States to final judgment, including:

- *UL LLC v. Rider Best Inc., et al.*, No. 2:14-cv-04396-SJO-AJW (C.D. Cal.) resulted in a permanent injunction, consent decree and judgment in the amount of $150,000;

- *UL LLC v. Butson Enterprises LLC, et al.,* No. 4:15-cv-00170 (N.D. Tex.) resulted in a permanent injunction, consent decree, and judgment in the amount of $150,000;

- *UL LLC v. Zimpex et al.,* No. 1:15-cv-00703-TLN-SAB (E.D. Cal.) resulted in a permanent injunction, consent decree, and judgment in the amount of $120,000;

- *UL LLC v. Space Chariot Inc., et al.*, 250 F. Supp. 3d 596 (C.D. Cal. 2017) resulted in a permanent injunction and an award of $1 million judgment on summary judgment; and

- *UL LLC v. 7111495 Canada Inc. d/b/a Arizer et al.*, No. 20-cv-05308 (N.D. Ill.), resulted in a permanent injunction, consent decree, and judgment in the amount of $2.2 million.

35.    UL Solutions is currently enrolled in Amazon Brand Registry and Project Zero. UL Solutions began using the tools and protections provided by Amazon Brand Registry in February 2018 and Project Zero in August 2019. UL Solutions utilized the above tools in response to the Trafficker Defendants' scheme.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 11

**C.    The Trafficker Defendants Created Amazon Selling Accounts and Agreed Not to Sell Counterfeit Goods**

36.    In 2017, the Trafficker Defendants established the Selling Accounts through which they sought to advertise, market, sell, and distribute products with counterfeit UL Certification Marks. In connection with these Selling Accounts, the Trafficker Defendants provided Amazon with names, email addresses, physical addresses, phone numbers, and banking information.

37.    To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. A true and correct copy of the applicable version of the BSA, namely, the version the Trafficker Defendants last agreed to when using Amazon's services, is attached as **Exhibit B**.

38.    Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. *Id.* ¶¶ 2-3. The BSA requires the seller to defend, indemnify and hold harmless Amazon against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

39.    Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

40. Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of doing so:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o Bootlegs, fakes, or pirated copies of products or content

  o Products that have been illegally replicated, reproduced, or manufactured

  o Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o Remove suspect listings.

  o Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

41.    Additionally, under the terms of the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application process, you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B. ¶ 1.

- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id*. ¶ 2.

- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id*. ¶ 5.

42.    When they registered as third-party sellers in the Amazon Store, and established their Selling Accounts, the Trafficker Defendants agreed not to advertise, market, offer, sell or distribute counterfeit products.

### D.    Test Purchases from the Trafficker Defendants' Selling Accounts and Examination of Products Trafficker Defendants Offered for Sale

43.    The Trafficker Defendants advertised, marketed, offered, and sold products bearing counterfeit UL Certification Marks in the Amazon Store.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 14

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

44.    UL Solutions has conducted multiple test purchases from and reviewed samples of products from the Trafficker Defendants' Selling Accounts and determined that the UL Certification Marks on these products are unauthorized and therefore counterfeit.

**Selling Account #1 – Elvicto**

45.    At all times described herein, the Elvicto Selling Account was controlled and operated by Defendant Tongxin, Defendant Peng, Defendant Peng Chuangxing, and, on information and belief, other parties unknown.

46.    On or about January 4, 2022, UL Solutions conducted a test purchase of a smoke detector from the Elvicto Selling Account. The Trafficker Defendants shipped to UL Solutions' investigator a product that bears depictions of UL Certification Marks. UL Solutions has examined the product and determined that it is not certified by UL Solutions and that the UL Certification Marks on the product are unauthorized and therefore counterfeit.

47.    On or about June 10, 2022, Amazon shipped to UL Solutions a sample product from the inventory of the Elvicto Selling Account. The product bears a depiction of the UL Certification Marks. UL Solutions has examined the product and determined that it is not certified by UL and that the UL Certification Marks on the product are unauthorized and therefore counterfeit.

**Selling Account # 2 – Vitowell**

48.    At all times described herein, the Vitowell Selling Account was controlled and operated by Defendant Haiyongtao, Defendant Peng, Defendant Peng Chuangxing, and, on information and belief, other parties, known and unknown.

49.    On or about January 14, 2022, UL Solutions conducted a test purchase of a smoke detector from the Vitowell Selling Account. The Trafficker Defendants shipped to UL Solutions' investigator a product that bears a depiction of the UL Certification Marks. UL Solutions has examined the product and determined that it is not certified by UL Solutions and that the UL Certification Marks on the product are unauthorized and therefore counterfeit.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

50.     On or about June 10, 2022 Amazon shipped to UL Solutions a sample product from the inventory of the Vitowell Selling Account. The product bears a depiction of the UL Certification Marks. UL Solutions has examined the product and determined that it is not certified by UL Solutions and that the UL Certification Marks on the product are unauthorized and therefore counterfeit.

**E.    Test Purchases from the Supplier Defendant**

51.     The Supplier Defendant manufactured, advertised, marketed, offered, supplied, and sold smoke detectors bearing counterfeit versions of the UL Certification Marks, some of which were sold to the Trafficker Defendants. The Trafficker Defendants, in turn, advertised and sold in the Amazon Store smoke detectors bearing counterfeit UL Certification Marks that were supplied by the Supplier Defendant.

52.     On or about June 28, 2022, Amazon's investigator conducted a test purchase of several smoke detectors from the Supplier Defendant's online storefront on a third-party e-commerce website that were advertised and offered for sale as UL-certified. The Supplier Defendant shipped to Amazon's investigator in Washington state products that bear the UL Certification Marks. UL Solutions has examined the products and determined they are not certified by UL Solutions and that the UL Certification Marks on the products are counterfeit.

53.     On information and belief, when the Supplier Defendant sold detectors bearing counterfeit UL Certification Marks to the Trafficker Defendants, the Supplier Defendant knew and intended that the Trafficker Defendants would resell the products in the Amazon Store. Specifically, in communications with Amazon's investigator, the Supplier Defendant's representative stated that the Supplier Defendant had an agreement with an unnamed seller granting the seller the purported exclusive right to resell in the Amazon Store the specific model of the Supplier Defendant's smoke detectors sold to Amazon's investigator. On information and belief, the unnamed seller that the Supplier Defendant referred to in its communication with Amazon's investigator was one or more of the Trafficker Defendants. In addition, the Trafficker Defendants submitted invoices to Amazon that identified the Supplier Defendant as the source of

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 16

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

their products.

**F.    The Trafficker Defendants Submitted Falsified Documents to Amazon**

54.    After UL Solutions submitted notices of infringement indicating that the Trafficker Defendants were selling products bearing counterfeit UL Certification Marks, Amazon suspended Defendants' Selling Accounts. The Selling Accounts appealed the suspension. In connection with such appeals, one Selling Accounts submitted a letter of authorization and the other submitted a license agreement to Amazon, with each purporting to show that their products had been certified by UL Solutions. UL Solutions has examined these documents and confirmed that they were falsified and were neither generated nor authorized by UL Solutions.

**G.    Defendants' Coordinated Sale of Products Bearing Counterfeit UL Certification Marks**

55.    On information and belief, Defendants operated in concert with one another in their marketing, advertising, selling, and distribution of products bearing inauthentic UL Certification Marks. Commonalities among the Trafficker Defendants demonstrate that they are acting in concert with each other. These commonalities include the following: 1) use of the same United States residential address as a removal address,[8] and as an address from which they shipped products to Amazon's fulfillment centers; 2) use of the same United States phone number; 3) purchase of the same products under the same product model number "Lecoolife 427 B08TMB4LFJ" from the Supplier Defendant, as shown in the invoices submitted to Amazon; 4) common ownership or operation by Defendant Peng; and 5) submission to Amazon of similar falsified letters of authorization.

56.    In addition, the Trafficker Defendants also each submitted similar falsified documentation to Amazon purporting to show that the counterfeit UL Certification Marks on their products were authorized by UL Solutions. However, the signature of the UL Solutions

---

[8] A "removal address" is the physical address designated by the seller where products are sent that are returned by customers or removed from Amazon's fulfillment centers.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

employee on both of these documents was forged, further reinforcing the connection between Defendants.

**H.      Amazon Shut Down the Trafficker Defendants' Selling Accounts**

57.      By selling products bearing counterfeit and infringing UL Certification Marks, the Trafficker Defendants falsely represented to Amazon and its customers that the products the Trafficker Defendants sold were certified by UL Solutions. The Trafficker Defendants also knowingly and willfully used UL Solutions' IP in connection with the advertisement, marketing, distribution, offering for sale, and sale of products bearing counterfeit and infringing UL Certification Marks.

58.      At all times, the Trafficker Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, providing inaccurate information to Amazon and its customers, misrepresenting the authenticity of the products sold, and misleading Amazon and its customers through their sale of products bearing counterfeit UL Certification Marks. The Trafficker Defendants have deceived Amazon's customers and Amazon, infringed and misused the IP rights of UL Solutions, caused Amazon to issue refunds to customers based on UL Solutions' confirmation that the products bore counterfeit UL Certification Marks, harmed the integrity of and customer trust in the Amazon Store, and tarnished Amazon's and UL Solutions' brands.

59.      After receiving notice from UL Solutions, Amazon verified the Trafficker Defendants' unlawful sale of products bearing counterfeit UL Certification Marks and blocked the Trafficker Defendants' Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and UL Solutions.

60.      Pursuant to Amazon's A-to-z Guarantee, Amazon also proactively issued full refunds to customers who purchased purported UL-certified products from the Trafficker Defendants. The Trafficker Defendants have not reimbursed Amazon.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## V.    CLAIMS

### FIRST CLAIM
*(by UL Solutions against all Defendants)*
**Trademark Infringement – 15 U.S.C. § 1114**

61.    Plaintiff UL Solutions incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

62.    The Defendants' activities constitute infringement of the UL Certification Marks as described in the paragraphs above.

63.    UL Solutions owns the UL Certification Marks and provides certification, testing, and inspection services using those certification marks described above, and uses the certification marks to distinguish those products it has certified from similar products and related items of others that have not received such certification.

64.    Because of UL Solutions' long, continuous, and exclusive use of the UL Certification Marks identified in this Complaint, the certification marks have come to mean, and are understood by customers and the public to signify, products certified by UL Solutions.

65.    The Defendants unlawfully manufactured, advertised, marketed, offered, and/or sold products bearing counterfeit versions of the UL Certification Marks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, the Defendants intended customers to believe, incorrectly, that the products were affiliated with and/or were certified by UL Solutions and likely caused such erroneous customer beliefs.

66.    As a result of the Defendants' wrongful conduct, UL Solutions is entitled to recover its actual damages, the Defendants' profits attributable to the infringement, and treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, UL Solutions is entitled to statutory damages under 15 U.S.C. § 1117(c).

67.    UL Solutions is further entitled to injunctive relief, including an order impounding all infringing products and promotional materials in the Defendants' possession. UL Solutions has no adequate remedy at law for the Defendants' wrongful conduct because, among

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

other things: (a) the UL Certification Marks are unique and valuable properties that have no readily determinable market value; (b) the Defendants' infringement constitutes harm to UL Solutions and UL Solutions' reputation and goodwill such that UL Solutions could not be made whole by any monetary award; (c) if the Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and (d) the Trafficker Defendants' wrongful conduct, and the resulting harm to UL Solutions, is likely to be continuing.

## SECOND CLAIM
### (by UL Solutions against all Defendants)
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

68.    Plaintiff UL Solutions incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

69.    UL Solutions owns the UL Certification Marks and provides certification, testing, and inspection services using those certification marks described above, and uses the certification marks to distinguish those products it has certified from similar products and related items of others that have not received such certification.

70.    Because of UL Solutions' long, continuous, and exclusive use of the UL Certification Marks, they have come to mean, and are understood by customers, end users, and the public to signify products that have been certified by UL Solutions.

71.    The Defendants' wrongful conduct includes the infringement of the UL Certification Marks in connection with the Defendants' commercial advertising or promotion, and offering for sale and sale, of counterfeit UL Solutions products in interstate commerce.

72.    In manufacturing, advertising, marketing, offering, and/or selling products bearing counterfeit versions of the UL Certification Marks, the Defendants have used, and on information and belief continue to use, the certification marks referenced above to compete unfairly with UL Solutions and to deceive customers. On information and belief, the Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, or sold in connection with

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

the UL Certification Marks and wrongfully trades upon UL Solutions' goodwill and business reputation.

73.     The Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products are authorized by UL Solutions, all in violation of 15 U.S.C. § 1125(a)(1)(A).

74.     The Defendants' conduct also constitutes willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

75.     UL Solutions is entitled to an injunction against the Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. The Defendants' acts have caused irreparable injury to UL Solutions. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate UL for its injuries, and UL Solutions lacks an adequate remedy at law.

76.     UL Solutions is further entitled to recover the Defendants' profits, UL Solutions' damages for its losses, and UL Solutions' costs to investigate and remediate the Trafficker Defendants' conduct and bring this action, including its attorneys' fees, in an amount to be determined. UL Solutions is also entitled to the trebling of any damages award as allowed by law.

**THIRD CLAIM**
***(by Amazon against the Trafficker Defendants)***
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

77.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

78.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. The Trafficker Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

79.     Specifically, the Trafficker Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. The Trafficker Defendants' deceptive acts were material to Amazon's decision to allow the Trafficker Defendants to sell their products in the Amazon Store because Amazon would not have allowed the Trafficker Defendants to do so but for their deceptive acts.

80.     In advertising, marketing, offering, and selling products bearing counterfeit versions of the UL Certification Marks in the Amazon Store, the Trafficker Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

81.     The Trafficker Defendants' acts also constitute willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

82.     As described above, the Trafficker Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. The Trafficker Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat the Trafficker Defendants' wrongdoing and to bring this lawsuit to prevent the Trafficker Defendants from causing further harm to Amazon and its customers. The Trafficker Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that the Trafficker Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

83.     Amazon is entitled to an injunction against the Trafficker Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in investigating and bringing this lawsuit.

84.     Amazon is also entitled to recover its damages arising from the Trafficker Defendants' sale of counterfeit products in the Amazon Store.

**FOURTH CLAIM**
*(by Amazon against the Supplier Defendant)*
**Contributory False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

85.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

86.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. The Supplier Defendant's knowing and material contributions to the Trafficker Defendants' sale of smoke alarms bearing counterfeit UL Certification Marks in the Amazon Store has harmed Amazon's reputation because such conduct undermines and jeopardizes customer trust in the Amazon Store.

87.     The Supplier Defendant knowingly enabled, facilitated, and materially contributed to the Trafficker Defendants' willful false statements, false designation of origin, false or misleading description, and false or misleading representations by intentionally supplying products to the Trafficker Defendants that bore counterfeit UL Certification Marks. On information and belief, the Supplier Defendant knew and intended that the Trafficker Defendants would resell the Supplier Defendant's counterfeit products in the Amazon Store.

88.     On information and belief, the Supplier Defendant has actual knowledge of the Trafficker Defendants' acts constituting unfair competition, as the Supplier Defendant had a purported exclusive distribution contract with one or more of the Trafficker Defendants in which the Supplier Defendant granted such Defendants the sole right to resell in the Amazon Store the Supplier Defendant's smoke alarms bearing counterfeit UL Certification Marks.

89.     The Supplier Defendant knew the smoke alarms bearing counterfeit UL Certification Marks that it sold to the Trafficker Defendants would mislead and confuse customers and the public as to the origin and authenticity of such products advertised, marketed,

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

offered, and sold in connection with the UL Certification Marks, and would wrongfully trade upon UL Solutions' and Amazon's goodwill and business reputation.

90.    Without the Supplier Defendant, the Trafficker Defendants would not have sold the smoke alarms bearing counterfeit UL Certification Marks in the Amazon Store.

91.    The Supplier Defendant's acts assisting the unlawful conduct of Trafficker Defendants have been deliberate and willful.

92.    As a direct and proximate result of the Supplier Defendant's conduct, the Trafficker Defendants committed the acts set forth above constituting unfair competition and causing damage to Amazon.

93.    The Supplier Defendant has committed, and continues to commit, acts which constitute contributory false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) and contributory false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

94.    The Supplier Defendant derives a financial benefit directly attributable to the Trafficker Defendants' infringement of the UL Certification Marks and their false designation of origin and false advertising in the Amazon Store.

95.    As a result of the Supplier Defendant's wrongful conduct, Amazon is entitled to recover its actual damages, and Amazon's attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a). Amazon is also entitled to the trebling of any damages award as allowed by law.

96.    As described above, the Supplier Defendant, through its illegal acts, has willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. The Supplier Defendant's misconduct has also caused Amazon to expend significant resources to investigate and combat the Supplier Defendant's wrongdoing and to bring this lawsuit to prevent the Supplier Defendant from causing further harm to Amazon and its customers. The Supplier Defendant's illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

97.      Amazon is entitled to an injunction against the Supplier Defendant, its officers,

agents, representatives, servants, employees, successors and assigns, and all other persons in

active concert or participation with it, enjoining the Supplier Defendant from supplying products

that infringe the UL Certification Marks to persons or entities that the Supplier Defendant knows

or should know will offer such products for sale in Amazon's stores.

### FIFTH CLAIM
***(by UL Solutions and Amazon against all Defendants)***
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

98.      Plaintiffs incorporate by reference the allegations of the preceding paragraphs as

though set forth herein.

99.      Defendants' manufacturing, advertising, marketing, offering, distribution, and/or

sale of products bearing counterfeit UL Certification Marks constitute an unfair method of

competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in

violation of RCW 19.86.020.

100.     Defendants' manufacturing, advertising, marketing, offering, distribution, and/or

sale of products bearing counterfeit UL Certification Marks harm the public interest by deceiving

customers about the safety testing and certification of the products.

101.     Defendants' manufacturing, advertising, marketing, offering, distribution, and/or

sale of products bearing counterfeit UL Certification Marks directly and proximately causes

harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property

interests and rights.

102.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and

recover from Defendants their attorneys' fees and costs. UL Solutions further seeks to recover

from Defendants its actual damages, trebled, and Amazon further seeks to recover from

Defendants its actual damages, trebled, with regards to Defendants' activities involving the sale

of counterfeit products.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1
2

### SIXTH CLAIM
*(by Amazon.com Services LLC[9] against the Trafficker Defendants)*
**Breach of Contract**

3
4

103.    Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

5
6
7
8
9

104.    The Trafficker Defendants established Amazon Selling Accounts and entered into Amazon's BSA, a binding and enforceable contract between the Trafficker Defendants and Amazon. The Trafficker Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

10
11

105.    Amazon performed all obligations required of it under the terms of the contract with the Trafficker Defendants or was excused from doing so.

12
13
14
15

106.    The Trafficker Defendants' sale and distribution of products bearing counterfeit UL Certification Marks materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, the Trafficker Defendants' conduct constitutes infringement and misuse of the IP rights of UL Solutions.

16
17

107.    The Trafficker Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

18
19
20
21
22

108.    In furtherance of their sale and distribution of products bearing counterfeit UL Certification Marks, Defendants further breached the BSA and its incorporated policies by submitting falsified documents to Amazon after their Selling Accounts received notices of infringement from UL Solutions in an attempt to mislead Amazon into believing its products were genuine.

23

### VI.    PRAYER FOR RELIEF

24

WHEREFORE, Plaintiffs respectfully pray for the following relief:

25
26
27

[9] For the Sixth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

A.      That the Court enter an order permanently enjoining Defendants, their officers,

agents, representatives, servants, employees, successors, and assigns, and all others in active

concert or participation with them, from:

        (i)      selling products in Amazon's stores;

        (ii)     selling products to Amazon or any affiliate;

        (iii)    opening or attempting to open any Amazon selling accounts;

        (iv)    importing, manufacturing, producing, distributing, circulating, offering to

                sell, selling, advertising, promoting, or displaying any product or service

                using any simulation, reproduction, counterfeit, copy, or colorable

                imitation of UL Solutions' brand or trademarks, or which otherwise

                infringes UL Solutions' IP, on any platform or in any medium; and

        (v)     assisting, aiding or abetting any other person or business entity in

                engaging or performing any of the activities referred to in subparagraphs

                (i) through (iv) above;

B.      That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C.      That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and

permitting destruction of all counterfeit and infringing products bearing the UL Certification

Marks or that otherwise infringe UL Solutions' IP, and any related materials, including business

records and materials used to reproduce any infringing products, in Defendants' possession or

under their control;

D.      That the Court enter an order requiring Defendants to provide Plaintiffs a full and

complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants'

unlawful activities;

E.      That the Court enter an order requiring Defendants to pay all general, special, and

actual damages which UL Solutions has sustained, or will sustain as a consequence of

Defendants' unlawful acts, plus the Defendants' profits from the unlawful conduct described

herein, together with its statutory damages, and that such damages be enhanced, doubled, or

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1  trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and

2  that Amazon's damages, plus Defendants' profits, related to Defendants' activities involving the

3  sale of counterfeit products be enhanced, doubled, or trebled as provided by 15 U.S.C. § 1117,

4  RCW 19.86.020, or otherwise allowed by law;

5      F.      That the Court enter an order requiring Defendants to pay the maximum amount

6  of prejudgment interest authorized by law;

7      G.      That the Court enter an order requiring Defendants to pay the costs of this action

8  and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by

9  15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

10     H.      That the Court enter an order requiring that identified financial institutions

11  restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting

12  activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment

13  in this case; and

14     I.       That the Court grant Plaintiffs such other, further, and additional relief as the

15  Court deems just and equitable.

16

17     DATED this 24th day of April, 2023.

18                                    DAVIS WRIGHT TREMAINE LLP
                                      *Attorneys for Plaintiffs*
19

20                                    s/ Scott R. Commerson
                                      Scott R. Commerson, WSBA #58085
21                                    865 South Figueroa Street, Suite 2400
                                      Los Angeles, CA 90017-2566
22                                    Tel: (213) 633-6800
                                      Fax: (213) 633-6899
23                                    Email: scottcommerson@dwt.com

24                                    s/ Lauren Rainwater
                                      Lauren Rainwater, WSBA #43625
25                                    920 Fifth Avenue, Suite 3300
                                      Seattle, WA 98104-1604
26                                    Tel: (206) 622-3150
                                      Fax: (206) 757-7700
27                                    Email: laurenrainwater@dwt.com

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax