UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC., et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>CAO PENG, et al.,<br><br>                Defendants. | CASE NO. C23-607-TL-BAT<br><br>**ORDER GRANTING PLAINTIFFS'** ***EX PARTE*** **RENEWED MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS CAO PENG AND SHENZHEN TONGXIN TECHNOLOGY CO., LTD.** |

In this matter, Plaintiffs allege that Defendants unlawfully sold smoke detectors bearing a counterfeit UL Solutions certification marks in the Amazon Store via Elvicto and Vitowell Selling Accounts. Plaintiffs move for an order authorizing alternative service by email and other means on Defendants Cao Peng ("Peng") and his company Shenzhen Tongxin Technology Co., Ltd. ("Tongxin").[1] Dkt. 19. The Court denied Plaintiffs' earlier motion for alternative service but invited them to file this renewed motion supported by additional evidence that would demonstrate that service by alternative means would be a reliable method to provide Defendants

---

[1] Plaintiffs are pursuing service on defendants Shenzhen Peng Chuangxing Technology Co., Ltd. ("Peng Chuangxing"), Shenzhen Haiyongtao Electronics Co., Ltd. ("Shenzhen"), and Shenzhen Rictron Digital Technology Co., Ltd. ("Rictron") via the Hague Convention. *See* Dkt. 16.

ORDER GRANTING PLAINTIFFS' EX
PARTE RENEWED MOTION FOR
ALTERNATIVE SERVICE ON
DEFENDANTS CAO PENG AND
SHENZHEN TONGXIN TECHNOLOGY CO.,
LTD. - 1

Peng and Tongxin with notice of the pendency of this action. Dkt. 16. Having reviewed the motion and and supplemental evidence, the Court **GRANTS** Plaintiffs' *ex parte* renewed motion for alternative service via email and via personal service on the registration of defendant Peng's Colorado corporation. Dkt. 19.

## DISCUSSION

Federal Rule of Civil Procedure 4(f)(3) permits service of process on individuals in foreign countries by "other means not prohibited by international agreement, as the court orders." To obtain a court order under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). "[A] method of service of process must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Plaintiffs request Court intervention because "Peng and Tongxin are located at unknown locations in China, and Plaintiffs have been unable to serve Peng and Tongxin by conventional means despite diligent efforts." Dkt. 19, at 2. Plaintiffs unsuccessfully sought to locate Peng and his company Tongxin at the physical addresses in China that Tongxin provided to Amazon when Defendants registered the Elvicto Selling Account (owned by Tongxin), and at the Pittsburgh address Defendants used as a removal address for the Elvicto Selling Account. Dkt. 21 (hereinafter "Commerson Decl."), at 2. Plaintiffs' investigator did not locate Peng at the address

ORDER GRANTING PLAINTIFFS' EX
PARTE RENEWED MOTION FOR
ALTERNATIVE SERVICE ON
DEFENDANTS CAO PENG AND
SHENZHEN TONGXIN TECHNOLOGY CO.,
LTD. - 2

listed in his People's Republic of China identity card that was provided to Amazon through his Elvicto Selling Account. *Id.* Personnel in the building's management office informed the investigator that Peng had moved out over a year ago and did not provide a forwarding address. *Id.* Nonetheless, plaintiffs have a valid address in China for Defendant Peng Chuangxing, which lists Peng as the company's "legal representative" in China's National Enterprise Credit Information Publicity System, as well as for Defendant Rictron, implicated in selling smoke detectors with counterfeit marks, and Defendant Haiyongtao, the company used to register the Vitowell Selling Account. Dkt. 19, at 4.

In its earlier order denying alternative service by email, the Court expressed concern that Plaintiffs had failed to provide evidence that Defendants had used the email addresses in question since the selling accounts had been opened in 2017, had not specified how Plaintiffs had communicated with Defendants since the suspension of their selling accounts, and had blocked the selling accounts such that the email addresses might not have been capable of ongoing monitoring and use. Dkt. 16, at 7–9. Plaintiffs have responded to the Court's concerns by providing evidence, including email logs, that show: (1) the operators of the selling accounts (**tonexin@163.com** for **Elvicto** and **haiyongtao@outlook.com** for **Vitowell**) registered their accounts in 2017 and each sent hundreds of emails to Amazon using the email addresses in question during the operation of the selling accounts, Dkt. 20 (hereinafter "Haskel Decl."), at 3–4; (2) between April 23, 2022 and June 17, 2022, Defendants sent at least eight emails from the tonexin@163.com email address regarding their appeal of Amazon's decision to block the Elvicto Selling Account, Haskel Decl. at 3–4 & Exh. A; (3) between May 5, 2022 and June 11, 2022, Defendants sent at least thirteen emails from the haiyongtao@outlook.com email address

ORDER GRANTING PLAINTIFFS' EX
PARTE RENEWED MOTION FOR
ALTERNATIVE SERVICE ON
DEFENDANTS CAO PENG AND
SHENZHEN TONGXIN TECHNOLOGY CO.,
LTD. - 3

regarding their appeal of Amazon's decision to block the Vitowell Selling Account, Haskel Decl. at 4 & Exh. B; (4) even after a selling account is blocked, sellers may communicate with Amazon through their Seller Central Account or via email, Haskel Decl. at 3; (4) the final communication between Amazon and one of the selling accounts was an email from Amazon to Vitowell on March 29, 2023, Dkt. 14 (hereinafter "July Haskel Decl."), at 3; and (5) in July and November of 2023, Plaintiffs sent test emails informing Defendants of the lawsuit to the email addresses in question and received no error notices, bounce back messages, or other indications that the messages to either email address failed to deliver. Commerson Decl. at 5–6; Dkt. 15 (hereinafter "July Commerson Decl."), at 4–5. In sum, Plaintiffs indicate that alternative service by email is reasonably calculated to inform Defendants of this lawsuit given email has been the primary form of communication between Amazon and the selling accounts; Defendants actively used their selling account email addresses continuously from 2017 to June 2022; Defendants retained access to their selling accounts for communications even after the accounts were blocked and used their email addresses to appeal the block placed on those accounts; and nothing indicates that the email address have ceased being functional or monitored given neither Amazon's email communication of March 2023, nor test messages of July and November 2023 regarding the litigation, bounced back.

Furthermore, Defendants contend that any due process concerns regarding whether alternative service via email would be reasonably calculated to apprise Defendants Peng and Tongxin of the pendency of the action are alleviated by also (a) serving the registered agent for Defendant Peng's U.S. company Lecoolife and (b) serving process via the Hague Convention Defendant company Peng Chuangxing for which Defendant Peng serves as legal representative.

ORDER GRANTING PLAINTIFFS' EX PARTE RENEWED MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS CAO PENG AND SHENZHEN TONGXIN TECHNOLOGY CO., LTD. - 4

First, Defendant Peng appears to be the sole owner of Lecoolife, which appears to exist solely to license the Lecoolife trademark for use on smoke detectors sold in the Amazon Store. Commerson Decl. at 4 & Exhs. E, F, G. In the assignment of the Lecoolife Mark from Peng to Lecoolife, Peng is the signatory for Lecoolife; Peng filed the corporate documents with the Colorado Secretary of State, is the incorporator, and was formerly its registered agent. *Id.* Defendant Tongxin is similarly closely related to Peng such that service upon Lecoolife would also likely provide actual notice to Tongxin. Peng registered the Elvicto Selling Account under Tongxin's name; the packages that the Elvicto Selling Account removed from Amazon fulfilment centers bore Peng's name; the Letter of Authorization allowing the Elvicto to use the Lecoolife Mark was signed by Peng; and the appeal of Amazon's decision to block the Elvicto Selling Account included a photograph of Peng's identification card. Haskel Decl. at 3–4.

Second, Defendants Peng and Tongxin are also likely to receive notice when Defendant Peng Chuangxing is served via the Hague Convention. Defendant Peng is the legal representative of Peng Chuangxing. Commerson Decl. at 5.

The Court finds that Plaintiffs have demonstrated that the facts and circumstances necessitate service by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). Despite diligent effort and investigation, Plaintiffs have been unable to locate Defendants Peng and his company Tongxin at unknown locations in China in order to apprise them of this suit alleging unlawful sale of smoke detectors bearing counterfeit UL Solutions certification marks on the Amazon Store. The Court also finds the proposed means of alternative service comport with constitutional notions of due process: email to tonexin@163.com and haiyongtao@outlook.com, the primary means of communication between Amazon and the

ORDER GRANTING PLAINTIFFS' EX PARTE RENEWED MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS CAO PENG AND SHENZHEN TONGXIN TECHNOLOGY CO., LTD. - 5

Elvicto and Vitowell selling accounts for five years; service to the registered agent the U.S. company Lecoolife that appears to be owned by Peng; and service via the Hague Convention to the Chinese company Peng Chuangxing for which Peng serves as the legal representative. Ten months prior to the filing of this lawsuit, Defendants Peng and Tongxin used the email addresses to contest the blocking of their selling accounts. In March 2023, a month before this lawsuit was filed, Defendants Peng and Tongxin continued to have access to these accounts when the Amazon sent its last formal correspondence to the Vitowell account, and in July 2023 and November 2023 email messages sent to the email addresses in question showed no sign of failing to reach their destinations. In addition, service via RPost should, according to Plaintiffs' representations to the Court, provide evidence as to whether service by email was, in fact, received. This offers reassurance that if the email addresses are not, in fact, being monitored and used, then service will not be erroneously deemed completed. Moreover, when service on those email addresses is coupled with service on Peng's U.S.-based company as well as via the Hague Convention on the Chinese entity controlled by Peng, the proposed methods of service considered in their totality are "reasonably calculated to provide actual notice" to both Peng and Tongxin. *See Rio*, 284 F.3d at 1016.

## CONCLUSION

The Court **GRANTS** Plaintiffs' *ex parte* renewed motion for alternative service on Defendants Cao Peng and his company Shenzhen Tongxin Technology Co., Ltd. The Court authorizes Plaintiffs to serve Peng and Tongxin through the following concurrent means:

1. By personal service on the registered agent of Peng's company, Lecoolife, Inc., Registered Agents Inc., 1942 Broadway Street, STE 314C, Boulder, CO 80302; and

    2. Using an online service for service of process, RPost (www.rpost.com) that provides proof of authorship, content, delivery, and receipt to the following email addresses controlled by Defendants that were registered with their Amazon Selling Accounts: tonexin@163.com; haiyongtao@outlook.com.

The Court **ORDERS** Plaintiffs either to file proof service on Peng and Tongxin or to move for additional time by **February 12, 2024**.

DATED this 14th day of November, 2023.

                                                                          _____
                                                                          BRIAN A. TSUCHIDA
                                                                          United States Magistrate Judge

ORDER GRANTING PLAINTIFFS' EX PARTE RENEWED MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS CAO PENG AND SHENZHEN TONGXIN TECHNOLOGY CO., LTD. - 7